UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23951-ALTMAN/Reid

**MICHAEL P. ROONEY**,

    *Plaintiff*,

*v.*

**CAMDEN PROPERTY TRUST,**

    *Defendant.*

_____/

## ORDER

Our Defendant, Camden Property Trust, evicted the Plaintiff, Michael Rooney, from his apartment. In response, Rooney has sued Camden in federal court, asserting claims of "Breach of Contract," "Unjust Enrichment," "Violation of U.C.C. Provisions," and "Fraud by Non-Disclosure." *See* Amended Complaint [ECF No. 27-1] at 4. Camden then filed this Motion to Dismiss (the "MTD") [ECF No. 29], which we here resolve. In the MTD, Camden argues, among other things, that the basic premise underlying Rooney's claims—*viz.*, that the lease he signed with Camden wasn't a valid contract under Florida law *but rather* a negotiable instrument governed by Article III of the Uniform Commercial Code—is just plain wrong. After careful review, we agree with Camden and therefore **GRANT** its MTD and **DISMISS without prejudice** Rooney's Amended Complaint.[1]

---

[1] Rooney filed his Response to Camden's MTD (the "MTD Response") [ECF No. 31] on January 8, 2024. Camden had until January 16, 2024, to file a reply, but apparently chose not to do so. The MTD is therefore ripe for adjudication.

**THE FACTS**

According to the lease Camden attached to its MTD, Rooney (as tenant) and Camden (as landlord) entered into a residential lease agreement on June 30, 2023. *See* Lease Agreement [ECF No. 29] at 12.[2] Just over three months later—on October 10, 2023—Camden informed Rooney that he must *either* pay his overdue rent *or* vacate the premises. *See* MTD ¶ 1 ("[Plaintiff was] served with a Three-Day Notice, on October 10, 2023, to pay rent or vacate the premises he contracted to lease from Defendant, CAMDEN PROPERTY TRUST."). Rooney apparently failed to do either, so Camden evicted him on December 20, 2023. *See* MTD Response ¶ 2 ("Plaintiff was evicted from the premises on December 20, 2023." (cleaned up)). Shortly thereafter, Rooney filed in federal court his "Complaint Against [private entity] Camden for Violation of Civil and Statutory Rights" [ECF No. 1]. In it, he asserted violations of the Fourth Amendment, violations of the Truth in Lending Act, defamation, deprivation of his Fifth Amendment rights, and breach of contract. *See* Initial Complaint ¶¶ 14, 16–17, 19, 20–21, 23–26. When Camden filed a Motion to Dismiss [ECF No. 11], Rooney moved to amend his complaint, *see* Motion to Amend Filing of Complaint [ECF No. 27], and we granted that motion, *see* December 14, 2023, Paperless Order [ECF No. 28].

In the Amended Complaint [ECF No. 27-1]—now before us—Rooney seeks declaratory relief and money damages stemming from Camden's "Breach of Contract" (Count I), "Unjust Enrichment" (Count II), "Violation of U.C.C. Provisions" (Count III), and "Fraud by Non-Disclosure" (Count IV).

---

[2] This is the only copy we have of the (purported) lease. *See generally* Docket. "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holding, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). The lease is plainly central to Rooney's claim—since the Defendant's (alleged) breach of that lease is what brings the parties to federal court. Still, Rooney *does* dispute the lease's authenticity. *See* MTD Response ¶ 2 ("Defendant's blatant insult to the court, in claiming to have attached a true copy of the lease agreement/Promissory Note as an exhibit, should showcase the mere attempt to deceive the court, as well as breach of contract."). Because we can adjudicate this MTD without interpreting the contents of the lease, we needn't determine whether the lease Camden has submitted is genuine.

*See* Amended Complaint. On November 3, 2023, Camden filed its second—and now operative—MTD, arguing that Rooney failed to state a claim upon which relief may be granted. *See* MTD ¶ 3. Specifically, Camden says that (1) Florida's Landlord and Tenant Act, FLA. STAT. Ch. 83—not U.C.C. Art. III—governs this dispute, *id.* ¶¶ 4–5, and that (2) the terms of the lease justified the eviction, *see id.* ¶ 7.

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ibid.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Of course, "*pro se* [filings], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) ("We also construe the complaint liberally because it was filed *pro se*."); *cf.* FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

3

Still, while we treat *pro se* litigants with some leniency, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (cleaned up). Notably, the requirement that "a complaint must contain sufficient facts, accepted as true, to state a claim for relief that is plausible on its face . . . also applies to *pro se* complaints." *Wells v. Miller*, 652 F. App'x 874, 875 (11th Cir. 2016); *see also Saunders*, 766 F.3d at 1266 (recognizing that *Twombly* and *Iqbal* apply to *pro se* complaints).

## ANALYSIS

Rooney mistakenly insists that the lease is both "a Bond Statement and a Coupon Note . . . recognized as negotiable instruments under U.C.C. Article 3." Amended Complaint ¶ 5. And each of his claims depends (at least partially) on this faulty proposition. In Count I, he asserts that, "[b]y refusing to honor *the coupon note*, an integral component of their agreement, the Defendant is in breach of contract." *Id.* at 4 (emphasis added). In Count II, he alleges that "[n]ot accepting *the Coupon Note* are [sic] misappropriation of funds." *Ibid.* (emphasis added). Likewise, in Count III, he claims that "[t]he Defendant's refusal to recognize *the coupon note*, a recognized negotiable instrument under the U.C.C., is a direct violation [of the U.C.C.]" *Ibid.* (emphasis added). Finally, in Count IV, Rooney avers that the "Defendant concealed and/or failed to disclose certain facts to the Plaintiff in regard to the agreement being *indorsed by a blank indorsement rather than a restrictive indorsement*." *Ibid.* (cleaned up).

But Florida law—not the U.C.C. (or federal law)—governs Rooney's dispute with Camden. The U.C.C. defines a "negotiable instrument" as

> an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) is payable on demand or at a definite time; and (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money[.]

U.C.C. § 3-104(a). And the Florida legislature has adopted that definition verbatim. *See* FLA. STAT. §

4

673.1041(1). But a lease is different. *See Waveblast Watersports II Inc. v. UH-pompano, LLC*, 291 So. 3d 657, 660 (Fla. 4th DCA 2020) ("[A] lease must contain the following essential terms: (1) the names of the parties; (2) a description of the demised realty; (3) a statement of the term of the lease; and (4) the rent or other consideration." (cleaned up)). And, in Florida, Part II of the Landlord and Tenant Act—not Article III of the U.C.C.—governs residential leases. *See Johnston-Gebre v. IH4 Property Florida, L.P.*, 2023 WL 6466333, at *3 n.3 (S.D. Fla. Sept. 13, 2023) (Strauss, Mag. J.) ("Part II of Chapter 83 of the Florida Statutes applies to the rental of a dwelling unit." (cleaned up)); *see also Bensoussan v. Banon5 LLC*, 252 So. 3d 298, 300 (Fla. 3rd DCA 2018) ("[Chapter 83, Part II] is a part of the Florida Residential Landlord and Tenant Act, and the Act applies to the rental of a dwelling unit." (cleaned up)).[3]

Having thus established that Florida law—and not the U.C.C. or federal law—governs the residential lease between Rooney and Camden, we must now consider whether we have subject-matter jurisdiction over this case. *See Scarfo v. Ginsburg*, 175 F.3d 957, 960 (11th Cir. 1999) ("[W]e may consider subject matter jurisdiction claims at any time during litigation."). Given our conclusion that Florida law (not federal law) governs this dispute, we certainly cannot exercise our federal-question jurisdiction—as Rooney seems to suggest. *See* Amended Complaint ¶ 2 ("This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises under the Constitution, Laws, or Treaties of the United States."). As for our diversity jurisdiction, Rooney initially suggested, in his original Complaint, that the parties were diverse. *See* Initial Complaint ¶¶ 4–5 (alleging that Rooney is a Florida resident and Camden is a Texas corporation). But he failed to mention the parties' citizenship in his Amended Complaint. *See generally* Amended Complaint. And it's well-settled that an amended complaint vacates and supersedes all prior complaints. *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194,

---

[3] A "dwelling unit" is a "a structure or part of a structure that is rented for use as a home, residence, or sleeping place by one person or by two or more persons who maintain a common household." FLA. STAT. § 83.43(2)(a).

5

1202 (11th Cir. 2011) ("Under the Federal Rules of Civil Procedure, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case." (cleaned up)); *see also Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (cleaned up)). Since the operative complaint in our case fails to allege that the parties are completely diverse, we cannot exercise our subject-matter jurisdiction over this action. *See* 28 U.S.C. § 1332(a).

Rooney has *also* failed to show that the amount in controversy exceeds $75,000—a separate requirement under § 1332(a). While Rooney has demanded, among other things, a "[m]onetary judgment . . . for 3 times the amount of the full Lease Agreement," Amended Complaint at 5, he's neither shown us that lease nor admitted the authenticity of the lease Camden has submitted, *see ante*, at 2 n.2. He's therefore failed to meet his burden of satisfying the amount-in-controversy requirement. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 807 (11th Cir. 2003) ("In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000," and he must do this "in good faith.").

While we could end our analysis here, we do have an obligation to "construe the complaint liberally because it was filed *pro se*." *Saunders*, 766 F.3d at 1266. So, we'll take a moment to address Rooney's four claims in greater detail before we dismiss them without prejudice.

### I.   Breach of Contract

Rooney alleges that, "by refusing to honor the coupon note, an integral component of their agreement, the Defendant is in breach of contract." Amended Complaint at 4.[4] "The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard*

---

[4] As we go through Rooney's four claims, we'll quote them *in full*.

*Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992)). Rooney has failed to allege a viable breach-of-contract claim here. In fact, because he contests the authenticity of the lease Camden has submitted, we're left with no contract at all. That's a problem because "a well-pled complaint alleging breach of a written contract must not only *attach a copy of the contract* but also make allegations as to which contractual provisions were breached." *City of Delray Beach v. Sherman Williams Am. Legion, Post 188*, 358 So. 3d 440, 443 (Fla. 4th DCA 2023) (emphasis added). Because Rooney has failed to give us a copy of the contract Camden has allegedly breached, he's failed to state a plausible claim.

## II.  Unjust Enrichment

Rooney next asserts that "[t]he Defendant has unjustly profited from the Plaintiff's assets without fulfilling their obligations, leading to unjust enrichment. Not accepting the Coupon Note are misappropriation of funds." Amended Complaint at 4 (errors in original). To state an unjust-enrichment claim, a plaintiff must plead the following "three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012). Again, Rooney has failed to plead a viable claim. Rooney has attached to his MTD Response an email, in which a Camden employee told Rooney that "[t]he correspondence mailed to our corporate office is not an acceptable form of payment." [ECF No. 31-1] at 3.[5] Since the email makes clear that Camden refused

---

[5] We *think* this correspondence relates to Claim III, but we aren't sure because of how confusing Rooney's Amended Complaint and MTD-Response arguments are.

to accept or retain the payment, Rooney has failed to meet the second element of his unjust-enrichment claim.[6]

### III. Violation of U.C.C. Provisions

Rooney also alleges that Camden's "refusal to recognize the coupon note, a recognized negotiable instrument under the U.C.C., is a direct violation of the provisions of U.C.C. 3-301 and U.C.C. 3-603." Amended Complaint at 4.[7] But, for this claim to survive, the U.C.C. would have to govern our dispute, and we've already said that it doesn't. *See supra* at 4–5. Instead, FLA. STAT. Ch. 83—the Landlord and Tenant Act—applies to the "rental of a dwelling unit." FLA. STAT. § 83.41. Because the U.C.C. doesn't govern our lease, Rooney has failed to state a claim for "Violation of U.C.C. Provisions."

### IV. Fraud by Non-Disclosure

Finally, Rooney alleges that "[t]he Defendant [c]oncealed and/or failed to disclose certain facts to the Plaintiff, in regard to the agreement being indorsed by blank indorsement rather than a restrictive indorsement." Amended Complaint at 4. As a threshold matter, we don't know which "certain facts" Rooney is referring to here. *Ibid.* But, even if we did, Rooney still would have failed to state a claim because "fraud is committed for the failure to disclose material information *only* when there is a duty to disclose." *State v. Mark Marks, P.A.*, 698 So. 2d 533, 539 (Fla. 1997) (emphasis added).

---

[6] We can consider this email without converting the MTD into a motion for summary judgment because it's obviously central to Camden's defense and its authenticity isn't in dispute. *See SFM Holding, Ltd.*, 600 F.3d at 1337.

[7] Under U.C.C. § 3-301, a "[p]erson entitled to enforce" an instrument means "(i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3-309 or 3-418(d)." And, under U.C.C § 3-306, "[a] person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds. A person having rights of a holder in due course takes free of the claim to the instrument."

And Rooney has failed to allege that Camden had a duty to disclose anything. *See generally* Amended Complaint. He's therefore failed to state a claim for fraud by non-disclosure.

*\* \* \**

Although we've identified several critical defects in Rooney's Amended Complaint, we'll give him one more opportunity to amend. "Where a more carefully drafted complaint *might* state a claim, a [*pro se*] plaintiff must be given at least *one chance* to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (cleaned up & emphasis added). In that second amended complaint, Rooney must refile his claims with "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and separate each cause of action into different counts. Along the way, Rooney must (1) explain how he's been injured (and by whom), (2) **articulate a basis for our subject-matter jurisdiction** over the case and our personal jurisdiction over Camden, (3) show that venue is proper in our District, and (4) **plead the elements of at least one viable cause of action**, supporting each element with specific factual allegations. He must also *either* **accept the authenticity of the lease** Camden has submitted *or* **provide a copy of his own authentic version of the lease**. If Rooney files a second amended complaint that fails to satisfy these requirements, we'll dismiss it *with prejudice* and *without leave to amend*.

## CONCLUSION

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. Camden's Motion to Dismiss [ECF No. 29] is **GRANTED**.
2. The Amended Complaint [ECF No. 27-1] is **DISMISSED without prejudice**.
3. The Plaintiff may file a **second amended complaint** by **March 8, 2024**. That second amended complaint must comply with our Local Rules, the Federal Rules of Civil Procedure, and this Order.

9

4. The Clerk of Court is directed to **CLOSE** this case for administrative purposes pending the Plaintiff's filing of a second amended complaint. Any other pending motions are **DENIED as moot**.

**DONE AND ORDERED** in the Southern District of Florida on February 8, 2024.

                                                **ROY K. ALTMAN**
                                                **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record
         Michael P. Rooney, *pro se*